**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees*
*of the Southern Nevada and California*
*Glaziers, Fabricators, Painters and*
*Floorcoverers Pension Trust Fund*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>AZURELITE, INC. dba DAE HAN GLASS, a California corporation; SURETEC INSURANCE COMPANY, a Texas corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br><br><br><br>Date: N/A<br>Time: N/A |

The Plaintiff, the Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund ("Plaintiff" or "Trust Fund"), acting by and through its attorneys, Christensen James & Martin, Chtd., hereby complains, asserts, and alleges as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

1  § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.   This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3.   To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4.   Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiff is administered and where the contractual obligation is to be paid.

**PARTIES**

5.   The Trust Fund is an express trust created pursuant to a written agreement and declaration of trust; namely, Restated Agreement Establishing Plan for the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund, as amended ("Trust Agreement"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], existing "to implement a Section 401 (k) retirement plan … for the benefit of all [covered employees]," within the meaning of ERISA, 29 U.S.C. § 1002(37), (2) and (3).

6.   The Board of Trustees and the individual trustees of the Trust Fund are each a "fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), and (21), with respect to collection of contributions due to the Trust Fund and related matters.

7. Defendant Azurelite, Inc. dba Dae Han Glass ("Azurelite") was and/or is a California corporation operating as a specialty contractor in California under License No. 778784 ("License"), having a classification of C17 Glazing, issued by the Contractors State License Board in California.

8. At all times material herein, Azurelite has maintained and operated its principal place of business and its administrative offices at 2301 E Gladwick Street, Rancho Dominguez, California 90220.

9. Defendant SureTec Insurance Company ("SureTec") is a Texas corporation acting as a surety in the State of California that issued one or more Bonds to Azurelite as a condition of Azurelite's License, including Contractor's Bond No. 140793, in the amount of $15,000, effective July 1, 2020, which was increased to $25,000, effective January 1, 2023

10. SureTec also issued a Bond of Qualifying Individual No. 140789 ("BQI") for John Jee Hoon Song, in the amount of $12,500, effective July 1, 2020, which was increased to $25,000, effective January 1, 2023 (the Contractors Bond and BQI are collectively referred to as the "Bonds").

11. The delinquencies asserted herein owed by Azurelite to the Trust Fund are properly payable out of the proceeds of the Bonds.

12. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX, inclusive, are unknown to the Plaintiff at this time and said Defendants are therefore sued by fictitious names. The Plaintiff reserves the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

**GENERAL ALLEGATIONS**

13. Azurelite signed the Glaziers Association and Contributing Employer Participation Agreement ("Participation Agreement") with the Trust Fund and the Southern California Glass Management Association, whereby Azurelite bound itself to the

contribution provisions contained therein and the terms of the Trust Agreement and the written policies and procedures adopted by the Trust Fund ("Policies").

14. Azurelite is also signatory to a Master Labor Agreement ("MLA") with the District Council of Painters and Allied Trades No. 36 on behalf of Glaziers, Architectural Metal and Glass Workers Local Union No. 636 (the "Union"), whereby Azurelite bound itself to the contribution provisions contained therein and the terms of the Trust Agreement and the Trust Fund's Policies (the Participation Agreement and MLA are collectively referred to as the "Labor Agreements").

15. The Labor Agreements have not expired, have not been terminated, and remain in full force and effect.

16. Azurelite is an "employer" as that term is understood and defined in the Labor Agreements and Trust Agreement.

17. Azurelite is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

18. Azurelite is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

19. At all times material herein, the Union has been a labor organization representing employees in the construction industry in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

20. The Labor Agreements and Trust Agreement cover and apply to all glazing and related work (as more particularly described in the MLA) performed by employees of Azurelite.

21. At all times material herein, Azurelite was obligated by the terms of the Labor Agreements and Trust Agreement to submit written reports to the Trust Fund on a timely basis showing the identities of employees performing work covered by the Labor

Agreements, and the number of hours worked by or paid to these employees. Further, Azurelite promised that it would pay pension and retirement benefit contributions to the Trust Fund on a monthly basis and at specified rates for each hour worked by or paid to its employees for covered labor performed by its employees. At all times material herein, Azurelite was obligated to submit said monthly reports and pay said contributions to the Trust Fund and its administrative offices on or before the twentieth (20th) day of each month.

22. As a result of the reporting and payment obligations imposed by the Labor Agreements, the Trust Fund is an intended beneficiary of the Labor Agreements, and Azurelite is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

23. In the event that Azurelite fails to timely remit reports and contributions to the Trust Fund, the Labor Agreements, Trust Agreement, and Policies require Azurelite to pay, in addition to the contributions due, interest and liquidated damages to the Trust Fund at rates determined by the Board of Trustees.

24. Azurelite consistently failed to timely pay contributions for covered work performed in June through November 2022, resulting in the Trust Fund assessing Azurelite for interest and liquidated damages after contributions for those months were paid.

25. Azurelite has failed to pay contributions to the Trust Fund for hours reported by Azurelite for work performed in December 2022.

26. Based on the assessments made against Azurelite for late payments made for the June through November 2022 work months and the December 2022 report submitted by Azurelite to the Trust Fund without payment, Azurelite currently owes at least $24,072.87 to the Trust Fund, including $15,605.05 in contributions, at least $596.41 in interest, at least $1,871.41 in liquidated damages, and at least $6,000.00 in attorneys' fees.

27. Interest and liquidated damages will continue to accrue until the contributions are paid.

28. Azurelite has not complied with the Trust Fund's demands for payment.

29. As a result of the breaches and delinquencies described herein, Azurelite is currently indebted to the Trust Fund pursuant to the express terms of the Labor Agreements, Trust Agreement and ERISA (29 U.S.C. § 1132(g)(2)) in the amount of at least $24,072.87, plus such other additional interest and liquidated damages accruing until all contributions are paid in full and attorneys' fees and costs incurred by the Trust Fund.

30. The Trust Fund has been required to engage the law firm of Christensen James & Martin, Chtd. to enforce the obligations identified herein and have to date incurred attorneys' fees and costs totaling at least $6,000.00 as a result of Defendants' breaches and failures described herein. Azurelite is responsible to pay the sums incurred by the Trust Fund for attorneys' fees and costs pursuant to the terms of the Labor Agreements, Trust Agreement, Policies, and 29 U.S.C. § 1132(g)(2).

31. Azurelite is obligated to pay the Trust Fund all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs, pursuant to 29 U.S.C. § 1132(g)(2).

32. In addition to the other relief sought herein, Plaintiff also seeks the Court's Judgment and Declaration requiring Azurelite to timely submit reports and pay contributions going forward and to pay all past due contributions, interest, liquidated damages, attorneys' fees, costs, and other contract damages (if any) that are determined to be owed prior to judgment.

33. The Labor Agreements and Trust Agreement also require Azurelite to reimburse the Plaintiff for any attorney's fees and costs incurred as a result of Azurelite's late payment or delinquencies.

34. Azurelite is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

35. Pursuant to the terms of the Labor Agreements and the Trust Agreement, the

Trust Fund has a program for the routine and regular inspection, examination, and audit of the payroll records of employers that are signatory to agreements requiring contributions to the Trust Fund.

36. The Labor Agreements and Trust Agreement require an employer to make its records available for such inspection.

37. If it becomes necessary for the Trust Fund to retain legal counsel to compel an employer to permit the examination of books or records, the Trust Agreement requires the employer to reimburse the Trust Fund for all attorney's fees and costs and all audit fees incurred by the Trust Fund, whether or not legal proceedings were instituted and whether or not such examination discloses that the employer has failed to make appropriate or timely contributions to the Trust Fund.

38. If an audit reveals an underpayment or deficiency in reporting or payment of contributions, the Labor Agreements, Trust Agreement, and Policies require the employer to pay to the Trust Fund the unpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees, and costs.

39. If after an audit an employer is found to owe money to the Trust Fund, the employer must pay the deficiency promptly.

40. Pursuant to the terms of the Labor Agreements and Trust Agreement, the Trust Fund engaged the auditing firm Alsweet Associates ("Auditor") to conduct an audit of Azurelite's payroll records for the period of January 1, 2020 through July 31, 2022 ("Audit").

41. Throughout the Audit, Azurelite has failed to comply with the Auditor's requests in a timely manner.

42. Azurelite has refused to comply with the final steps of the Audit, making completion of the Audit impossible.

43. The Trust Fund has not yet conducted a payroll compliance review of Azurelite's records for the period September 1, 2022 through the present date ("Unaudited Period").

44. Plaintiff is entitled to the Court's Order requiring Azurelite to comply with the current Audit and to submit its records for an audit of the Unaudited Period and for payment of any and all amounts determined to be owed to the Trust Fund as a result of the audit.

45. Plaintiff is entitled to and seeks the Court's Judgment requiring Azurelite to pay all future contributions that become owed as a result of Azurelite's obligations under the Labor Agreements and Trust Agreement along with any future interest, audit costs, attorneys' fees, court costs and other contract damages that are subsequently determined to be owed prior to judgment.

46. Plaintiff is entitled to and seeks the Court's Order for these outstanding amounts owed in addition to any additional amounts discovered by audit, after-accruing delinquencies, and attorneys' fees and costs incurred by the Plaintiff.

47. The delinquencies asserted herein, and any additional delinquencies that may be discovered through audit, owed by Azurelite to the Trust Fund are properly payable out of the proceeds of the Bonds.

48. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiff, and are therefore jointly and severally liable for the damages set forth herein.

49. The Trust Agreement and Policies permit the Board of Trustees to require that an employer post a cash bond or fringe benefit bond issued by a reputable surety company to help insure that past, present, and future contributions are paid. The Board of Trustees has the authority to determine the amount of the bond.

50. In the event an employer refuses to provide a bond after being requested to do so, the Plaintiff may institute a lawsuit to enforce the applicable provisions of the Trust Agreement and Policies and the employer shall reimburse the Plaintiff for its attorney's fees and collection costs.

51. Based on the facts and circumstances set forth above and that a lawsuit has been filed against Azurelite as a result of the delinquencies described herein and pursuant to

the express terms of the Trust Agreement and Policies, the Board of Trustees has determined that Azurelite must post a fringe benefit bond or other acceptable security in favor of the Plaintiff to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, attorney's fees, and costs.

**FIRST CAUSE OF ACTION**
[Breach of Written Labor Agreements & Trust Agreement – Azurelite, DOES, ROES]

52. The Plaintiff herein restates and realleges the above allegations.

53. By the terms of the Labor Agreements and Trust Agreement, Azurelite was required to timely and accurately remit reports and fringe benefit contributions to the Plaintiff for each hour of covered labor performed by its employees.

54. Pursuant to the Labor Agreements and Trust Agreement, Azurelite agreed that in the event of late or non-payment of contributions, Azurelite would pay, in addition to the delinquent Contributions: (i) interest thereon at the rates established by the Plaintiff, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the MLA, Trust Agreement or as otherwise provided by law; and (iii) all audit fees, legal fees and costs in connection therewith, whether incurred before or after litigation is commenced.

55. Azurelite, DOES, and ROES breached the Labor Agreements and Trust Agreement by failing to comply with the terms and conditions described herein, including but not limited to failure to timely and accurately report covered labor and submit fringe benefit contributions and related damages when due.

56. It has been necessary for Plaintiff to engage the law firm of Christensen James & Martin, Chtd. to enforce the contractual obligations owed to the Plaintiff and collect any and all amounts due.

57. Pursuant to the Labor Agreements and Trust Agreement, Azurelite owes the Plaintiff contributions calculated or measured by all hours of covered labor performed by Azurelite, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due through the date of judgment, liquidated damages, and reasonable

attorney's fees, collection costs, and auditing costs incurred by the Plaintiff as a result of the breaches described herein.

58. Pursuant to the terms of the Labor Agreements, Trust Agreement, and Policies, the Plaintiff is entitled to an Order requiring Azurelite to comply with the current Audit and submit its records for a payroll compliance review of the Unaudited Period and for payment of any amounts determined to be due.

59. Pursuant to the terms of the Trust Agreement and Policies, the Plaintiff is entitled to an Order requiring Azurelite to post a fringe benefit bond to secure the payment of past, present, and future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs.

60. At all times material herein, Azurelite, DOES, and ROES were and are the alter egos or guarantors of each other and are jointly and severally liable to the Plaintiff for any and all obligations owed under the Labor Agreements and Trust Agreement.

61. The Plaintiff is entitled to recover as damages from the Defendants any and all benefit contributions, interest, and liquidated damages owed to the Plaintiff pursuant to the Labor Agreements and Trust Agreement.

62. Pursuant to the terms of the Labor Agreements, Trust Agreement, Policies, and ERISA, the Plaintiff is entitled to an Order requiring Azurelite to reimburse the Plaintiff for attorney's fees and costs incurred to enforce compliance with the Labor Agreements, Trust Agreement, and Policies.

63. Upon entry of judgment, the Plaintiff is entitled to post-judgment interest at the rates set forth in their Trust Agreement or as may be allowed by law, whichever is higher. The amount of such interest will be established by proof at trial.

**SECOND CAUSE OF ACTION**
[Violation of ERISA – Azurelite, DOES, ROES]

64. The Plaintiff herein restates and realleges the above allegations.

65. By failing to timely and accurately report and/or pay contributions to the

-10-

Plaintiff and contract damages in accordance with the Labor Agreements and Trust Agreement, Azurelite, DOES, and ROES have violated Section 515 of ERISA [29 U.S.C. § 1145].

66. In accordance with the terms of the Labor Agreements and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], the Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit fees, attorneys' fees, and costs incurred in enforcing the terms of the Labor Agreements and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

67. Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiff is entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

68. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Plaintiff is entitled to such other equitable relief as the Court deems appropriate.

69. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to its beneficiaries.

70. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or its beneficiaries for past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

71. The Plaintiff is likely to prevail on the merits of its claims.

72. The Plaintiff is entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and 1132(g)(2)(E) and other applicable law affirmatively compelling Azurelite to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiff, comply with the current Audit, submit to an audit of the Unaudited Period, and provide a fringe benefit bond in compliance with its obligations under the MLA, Trust

Agreement and Policies.

73. The Plaintiff is entitled to all remedies provided by ERISA as and for compensation for the Defendant's violations.

### THIRD CAUSE OF ACTION
[Demand for Relief on the Bonds – SureTec]

74. The Plaintiff herein restates and realleges the above allegations.

75. SureTec issued the Bonds as a condition for Azurelite to maintain its Contracting License.

76. The Trust Fund, and Azurelite's employees who provided labor as described herein, are intended third-party beneficiaries under the Bonds.

77. The delinquencies asserted herein owed by Azurelite to the Trust Fund are properly payable out of the proceeds of the Bonds pursuant to the express terms of any Bond Agreement and California Business and Professions Code §§ 7071.5 and 7071.10.

78. The proceeds of the Bonds must be paid to the Trust Fund in full or partial satisfaction, as the case may be, of Azurelite's obligations owed to its employees and the Trust Fund or as damages caused by Azurelite's failure to properly act in accordance with the Labor Agreements and/or the law, subject only to the penal limit on the Bonds.

### PRAYER FOR RELIEF

WHEREFORE, the Trust Fund prays for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order enjoining Azurelite from failing to timely pay to the Plaintiff delinquent amounts discovered by the audit or as otherwise incurred in the normal course of business;

2. For the Court's Order compelling Azurelite to deliver to the Plaintiff accurate monthly remittance reports on a timely basis detailing all covered work performed;

3. For the Court's Order affirmatively compelling Azurelite to abide by the terms of the Labor Agreements, Trust Agreement, and Policies including, but not limited to,

submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiff on a timely basis;

4. For the Court's Order requiring Azurelite to comply with the current Audit;

5. For the Court's Order requiring Azurelite to submit its records for a payroll compliance review of the Unaudited Period and for payment of any amounts determined to be due;

6. For the Court's Order requiring Azurelite to post a cash bond or fringe benefit bond to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs;

7. For the Court's Order awarding all contributions currently due, as well as liquidated damages, interest, audit fees, attorney's fees, and costs incurred in enforcing the terms of the Labor Agreements and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate;

8. For unpaid fringe benefit contributions in amounts to be proven at trial;

9. For damages for breach of contract in an amount to be proven at trial;

10. For an amount equal to the greater of the interest owed on the unpaid contributions or liquidated damages, in amounts to be proven at trial;

11. For accrued interest on all unpaid contributions and damages from their due dates until paid;

12. For the Plaintiff's reasonable audit fees and costs, in an amount to be proven at trial;

13. For the Plaintiff's reasonable attorney's fees, in amount to be proven at trial;

14. For the Plaintiff's costs of suit;

15. For relief against the Bonds;

16. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

///

17.     For such additional relief as this Court deems just and proper.

DATED this 2nd day of February, 2023.

          CHRISTENSEN JAMES & MARTIN, CHTD.

          By:  */s/ Dylan J. Lawter*
            Dylan J. Lawter, Esq. (15947)
            7440 W. Sahara Avenue
            Las Vegas, Nevada 89117
            Tel: (702) 255-1718
            Fax: (702) 255-0871
            Email: djl@cjmlv.com
            *Attorneys for Plaintiff Board of Trustees*
            *of the Southern Nevada and California*
            *Glaziers, Fabricators, Painters and*
            *Floorcoverers Pension Trust Fund*